IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HOMESITE INSURANCE CO.             :         CIVIL ACTION
                                   :
          v.                       :
                                   :
MICHAEL P. NEARY, JR., et al.      :         NO. 17-2297


                              MEMORANDUM

Bartle, J.                                        November 8, 2017

          Plaintiff Homesite Insurance Co. ("Homesite") commenced this action against defendants John Waris and Michael P. Neary, Jr. under the Declaratory Judgment Act, 28 U.S.C. § 2201. Homesite seeks a declaration that it has no duty to defend or indemnify Neary in a civil action brought by Waris in the Court of Common Pleas of Montgomery County, <u>Waris v. Neary</u>, No. 2014-04102 (Mont. Cnty. C.C.P. Feb. 25, 2014). Before the court is the motion of Waris to dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

                                   I

          Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. In his motion, Waris raises a facial, as opposed to factual,

---

1. Waris has moved to dismiss "or in the alternative, to Remand to the Court of Common Pleas of Montgomery County, Pennsylvania." However, this action was not removed from state court and thus we cannot remand it there. See 28 U.S.C. § 1447.

challenge to subject matter jurisdiction.  In reviewing a facial challenge, which contests the sufficiency of the pleadings, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto."  In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012) (quoting Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)).  We apply the same standard as that applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).  Accordingly, we accept as true all material allegations set forth in the complaint and construe those facts in favor of the nonmoving party.  In re Schering Plough Corp., 678 F.3d at 243.

II

The following facts taken from the complaint and its attached exhibits are treated as true for present purposes.  This action arises from an incident that occurred on or about February 25, 2012, in which Waris was allegedly physically assaulted by Neary.  At the time, Neary and Waris shared an apartment in Bryn Mawr, Pennsylvania.  Following the incident, Neary was arrested and charged criminally.  Subsequently he pleaded guilty to a felony charge of aggravated assault in violation of 18 Pa. Cons. Stat. Ann. § 2702(a)(1).

On February 25, 2014, Waris instituted a civil action in the Court of Common Pleas of Montgomery County against Neary and his parents, who co-signed the lease for the Bryn Mawr apartment. The parties later stipulated to the dismissal of Neary's parents. In the state civil action, Waris alleges that the attack occurred without provocation and as a result of Neary's pre-existing mental health issues and alcohol consumption. He further asserts that Neary delayed seeking help or medical care for Waris after the incident, which thereby exacerbated Waris' injuries. The complaint alleges claims for negligence and recklessness, negligent infliction of emotional distress, and negligent failure to rescue. It seeks recovery of compensatory damages in excess of $50,000, punitive damages, delay damages, and attorneys' fees and costs.

At the time of the assault, Neary's parents were insured by a homeowners' insurance policy underwritten by Homesite. By letter dated December 20, 2016, Homesite agreed to provide each of the defendants named in the state civil action with a defense subject to a full reservation of rights.

On May 18, 2017, Homesite commenced this action seeking a declaration that it has no duty to defend or indemnify Neary. Specifically, Homesite asserts that Neary does not qualify as an "Insured" under the policy because he was over the age of twenty-one and did not reside with his parents at the

time of the attack. Homesite also maintains that the attack was an intentional criminal act which is not a covered "Occurrence" and is excluded under the terms of the policy. Homesite also asserts that the Nearys failed to give proper notice of the civil suit to Homesite and that other insurance may cover this loss. Waris now moves to dismiss this action for lack of subject matter jurisdiction under 28 U.S.C. § 1332 and the Declaratory Judgment Act.

                                III

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The Act confers discretionary, rather than compulsory, jurisdiction upon federal courts and thus "is an exception to the general rule that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" Reifer v. Westport Ins. Corp., 751 F.3d 129, 134 (3d Cir. 2014) (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996)). Moreover, the Act "does not itself

create an independent basis for federal jurisdiction but instead provides a remedy for controversies otherwise properly within the court's subject matter jurisdiction." Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 394 (3d Cir. 2016) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950)).

In bringing this action, Homesite has invoked this court's diversity jurisdiction under 28 U.S.C. § 1332, which has two requirements for the establishment of jurisdiction. First, the parties must be completely diverse, meaning that "no plaintiff can be a citizen of the same state as any of the defendants." Id. Secondly, the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. Id.

There is no dispute that the parties are of diverse citizenship. Homesite is a citizen of Wisconsin, Waris is a citizen of Illinois, and Neary is a citizen of Texas. However, Waris asserts that Homesite cannot meet the amount in controversy requirement necessary to establish diversity jurisdiction because it seeks only declaratory relief. We disagree with this contention.

"Although declaratory judgment actions do not directly involve the award of monetary damages, 'it is well established that the amount in controversy [in such actions] is measured by

the value of the object of the litigation." Auto-Owners Ins. Co., 835 F.3d at 397-98 (quoting Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977)). In an insurance coverage declaration action, courts look to the value of the insurance policy and the damages alleged in the underlying case to determine whether the jurisdictional amount in controversy has been met. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995); Manze v. State Farm Ins. Co., 817 F.2d 1062, 1068 (3d Cir. 1987). The allegations set forth in the complaint control the determination unless it appears "to a legal certainty the claim is really for less than the jurisdictional amount." Jumara, 55 F.3d at 877 (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Here, the policy at issue has coverage limits for personal liability of $500,000 per occurrence. Moreover, Waris has allegedly suffered a traumatic brain injury resulting in permanent physical difficulties and mental anguish. Given the serious nature of these alleged injuries and the relevant coverage limits, we cannot say with a legal certainty that Waris would recover less than $75,000.

Having determined that we have subject matter jurisdiction over this action, we now consider whether to exercise our discretion to decline such jurisdiction under the Declaratory Judgment Act. We must first determine whether there

is a "parallel state proceeding." Reifer, 751 F.3d at 143, 146. Although not dispositive, the "absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction." Id. at 144. To be considered parallel, there must be a "substantial similarity in issues and parties" between the pending proceedings. Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 284 (3d Cir. 2017). The "mere potential or possibility that two proceedings will resolve related claims between the same parties is not sufficient." Id. at 283-84.

We must then consider the following set of factors when deciding whether to exercise discretionary jurisdiction:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's

-7-

> duty to defend in a state court and its
> attempt to characterize that suit in federal
> court as falling within the scope of a
> policy exclusion.

Reifer, 751 F.3d at 146 (citing State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000)). If a parallel state proceeding does not exist, we must be "rigorous" in ensuring that the lack of such proceedings is outweighed by these other factors before declining jurisdiction. Id. at 144.

Here, there is no pending parallel state proceeding. Homesite is not a party to the civil action in the Court of Common Pleas and no action for declaratory relief has been filed in that court. The questions of whether the Homesite insurance policy covers Neary's potential liability and whether Neary is in fact liable to Waris are distinct. See Kelly, 868 F.3d at 287. Accordingly, there is no substantial similarity between the state civil action and the instant declaratory judgment action.

In the absence of parallel state court proceedings, we must consider whether good reasons exist to override the presumption in favor of jurisdiction. After careful consideration, we conclude that all of the factors outlined in Reifer are either neutral or weigh in favor of exercising our jurisdiction. A declaration in this action will resolve the uncertainty of Homesite's obligation to defend and indemnify

Neary, and Waris does not argue otherwise.  None of the parties to this action is a resident of Pennsylvania, and therefore litigating in this courthouse instead of Montgomery County does not present any additional inconvenience.  This case does not appear to involve questions of unsettled state law, and neither party has raised issues of public interest that would be affected by litigation in this court.  Although the parties could seek other remedies in the form of declaratory relief in the state court, to do so now would require the filing of a new action.  It is arguably more convenient for the parties to litigate in this court rather than start anew.  See <u>Nationwide Prop. & Cas. Ins. Co. v. Zatyko</u>, No. 16-1010, 2016 WL 6804436, at *4 (E.D. Pa. Nov. 16, 2016).

As discussed above, there is no pending parallel state court action involving substantially the same issues and parties and thus no need for restraint or concern for duplicative litigation.  This action was not removed from state court and no declaratory relief action was filed there.  Thus, there does not appear to be any need for concern about procedural fencing or res judicata. Any inherent conflict of interest between Homesite's position in this declaratory judgment action and the underlying civil suit would be the same regardless of whether the insurance coverage dispute is litigated in state or federal court, and therefore this factor is neutral.  In summary, after

balancing the factors outlined in Reifer, this court finds no reason to decline jurisdiction over this matter.

Accordingly, the motion of Waris to dismiss this action will be denied.